# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KYLE HARTMAN, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:14-cv-00524-JMS-TAB |
| RANDOLPH COUNTY SHERIFF'S DEPARTMENT, | ) |
| SHERIFF KEN HENDRICKSON, | ) |
| Defendants. | ) |

**Entry Discussing Selected Matters**

**I.**

The plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h) and his complaint is subject to screening required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).

**II.**

**A.**

The complaint invokes protections associated with the Universal Declaration of Human Rights. The Universal Declaration of Human Rights is a resolution of the United Nations General Assembly and, thus, merely an aspirational document that does not bind the United States. *See Flores v. S. Peru Copper Corp.,* 414 F.3d 233, 259 (2d Cir. 2003). As such, the Declaration's provisions do not create a right secured by federal law that, if violated, is actionable under 42 U.S.C. § 1983. *See Flores,* 414 F.3d at 259 (finding that the Universal

Declaration of Human Rights was not binding on the United States and could not give rise to an environmental claim); *Chen v. Ashcroft,* 85 Fed. Appx. 700, 705 (10th Cir. 2004) (unpublished) (Universal Declaration of Human Rights is merely a resolution of the United Nations, and is not binding on the United States).

Accordingly, any claim based on an alleged violation of the Universal Declaration of Human Rights is dismissed as legally insufficient.

Negligence and *respondeat superior* are not sufficient to support a § 1983 claim. *See Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). Any claims based on such theories of recovery or of liability are dismissed.

**B.**

No final judgment shall issue at this time as to the claims dismissed in this Entry.

**III.**

The defendants are the Randolph County Sheriff and the Randolph County Sheriff's Department. The plaintiff's claim is understood as being brought pursuant to 42 U.S.C. § 1983. The plaintiff's claim is that his treatment and the conditions of his confinement at the Randolph County Jail constitute "punishment" in violation of the Fourteenth Amendment guarantee of due process. The complaint mentions the Eighth Amendment, but the provisions of the Eighth Amendment will be triggered only if the plaintiff is a convicted offender. The plaintiff seeks damages.

The defendants have appeared in the action and have filed their answer to the complaint. An appropriate pretrial schedule will be issued shortly.

IT IS SO ORDERED.

Date: 05/07/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KYLE S. HARTMAN
155 E. South Street
Winchester, IN 47394

Electronically Registered Counsel